# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE MANUEL GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-275J |
| | ) | Judge Gibson |
| PAROLE SUPERVISOR, | ) | Magistrate Judge Bissoon |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Jose Manuel Gonzalez, a former state prisoner, be denied because it is now moot. A certificate of appealability also should be denied.

### II. REPORT

Jose Manuel Gonzalez ("Gonzalez" or "Petitioner"), filed this federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254 at a time when he was incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania. Gonzalez challenged the computation of the time remaining on sentences he was serving as the result of the revocation of his parole. Specifically, Gonzalez asserted that he should have been released from custody in October, 2007. Respondent agrees that an error was initially made in computing Petitioner's release date after his parole was revoked, but asserts that a new release date of August 26, 2008 -- calculated after

the instant petition was filed -- is correct. Petitioner was, in fact, released from custody on August 26, 2008, as evidenced by his notice of change of address (Doc. 12).

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his or her habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998) (citing Sibron v. New York, 392 U.S. 40, 55-56 (1968)). The Spencer court, however, citing Lane v. Williams, 455 U.S. 624 (1982), "decline[d] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation." Spencer, 523 U.S. at 13. Indeed, the Court held that a challenge to the revocation of parole was rendered moot when a prisoner completes the entire term of imprisonment prior to the district court's decision on the merits of his habeas petition. Id.

Here, Gonzalez's claim does not challenge his underlying conviction, but only the computation of his release date following the revocation of his parole. Now that Gonzalez has been released, there is no longer any case or controversy, and the petition should be dismissed as moot. Compare, Razzoli v. FCI-Allenwood, 200 Fed. Appx. 166, 169 (3d Cir.2006) (Non-Precedential)(release from custody mooted habeas petition alleging delayed release on parole, as the remedy sought through habeas had been granted by passage of time.)

Finally, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Gonzalez has not satisfied his burden, a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, the Petitioner is allowed until October 7, 2008 to file written objections to this report

and recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                       s/Cathy Bissoon
                                                       CATHY BISSOON
                                                       UNITED STATES MAGISTRATE JUDGE

Dated: September 19, 2008

cc:
**JOSE MANUEL GONZALEZ**
229 Walnut Way
Freeport, PA 16229